IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In re:

STEPHEN C. RIGGS, III,                                   Chapter 11
                                                          Case No. 10-30236-WSS
　　　　　Debtor.
_____/

**RIGGS' MOTION TO
REOPEN CASE TO OBTAIN DISCHARGE AND ENTRY OF FINAL DECREE**

*(Expedited Consideration Without a Hearing Requested)*

Stephen C. Riggs, III, ("Riggs"), by counsel, hereby requests the entry of an order reopening the case to obtain his discharge and the entry of a final decree. In support, Riggs states as follows:

1. On February 16, 2010 ("Petition Date"), Riggs filed his voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

2. On December 15, 2010, this Court entered its *Order Confirming Amended Chapter 11 Plan of Stephen C. Riggs, III* (Doc. No. 315).

3. On March 23, 2012, Riggs filed *Riggs' Motion to Administratively Close Chapter 11 Case* (Doc. No. 514).

4. On March 29, 2012, the Court entered an *Order Granting Riggs' Motion to Administratively Close Chapter 11 Case* (Doc. No. 515).

5. Contemporaneous with the filing of this Motion, Riggs also filed his *Certificate of Completion of Plan Payments* in accordance with Section 7.5 of the *Amended Chapter 11 Plan of Stephen C. Riggs, III* (Doc. No. 228) (the "Plan")[1] certifying that the total amount of Plan

---

[1] All capitalized terms not specifically defined herein shall have the meaning ascribed to them in the Plan.

{00205389.DOCX;1}

Payments have been deposited into the Distribution Account and that any Surrendered Asset(s) have been conveyed or that the requirements of the Plan have otherwise been complied with.

6. In addition, the unresolved objection to the claim of Maxwell J. Bruner ("Bruner") does not impact upon the relief requested by Riggs through this motion. For the Court's information, the state court litigation has been dismissed. While Bruner is presently pursuing an appeal of the dismissal, Riggs believes that that his claim can be disallowed as a result of the dismissal, or alternatively, could be estimated at $0.00 for purposes of distribution.

7. Accordingly, Riggs seeks the entry of an order administratively reopening the case so that he may obtain his discharge and a final decree may be entered.

**WHEREFORE**, Riggs respectfully requests the entry of an order administratively reopening this chapter 11 case to allow Riggs obtain his discharge and the entry of a final decree, and for such other and further relief as the Court deems appropriate.

DATED this 15th day of April, 2013.

/s/ Kathleen L. DiSanto
David S. Jennis
Florida Bar No. 775940
Kathleen L. DiSanto
Florida Bar No. 58512
**Jennis & Bowen, P.L.**
400 N. Ashley Dr., Ste. 2540
Tampa, FL 33602
Telephone: (813) 229-1700
Facsimile: (813) 229-1707
kdisanto@jennisbowen.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the Court's CM/ECF system electronic service to: **Assistant United States Trustee**, **Attn: Jason H. Egan**, 110 East Park Avenue, Suite 128, Tallahassee, FL 32301; **J. Steven Ford**, Wilson, Harrell, Farrington, Ford, Wilson, Spain, & Parsons, P.A., 307 South Palafox Street, Pensacola, FL 32502-5929; **William E. Bond, Jr.**, P.O. Box 13010, Pensacola, FL 32591-3010; **Keith L. Bell, Jr.**, P.O. Box 13010, Pensacola, FL 32591-3010; **Linda A. Hoffman**, 801 W. Romana Street, Suite A, Pensacola, FL 32502; **William L. Ketchersid**, 1241 Airport Road, Suite H, Destin, FL 32541; and to those parties receiving notices via CM/ECF in the normal course of business on this 15th day of April, 2013.

                                                */s/ Kathleen L. DiSanto*
                                                Kathleen L. DiSanto